IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERRI D. ADAMS        :

   v.                   :   Civil Action No. DKC 09-2278

MONTGOMERY COLLEGE (ROCKVILLE)   :

**MEMORANDUM OPINION**

Presently pending and ready for review in this action is a motion to dismiss filed by Defendant Montgomery College. (Paper 9). The issues are briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

**I. Background**

Plaintiff Sherri D. Adams is a resident of Maryland. This case relates to Plaintiff's September 25, 2008 fall on the campus of Defendant Montgomery College (the "College"). Plaintiff's complaint alleges the following facts. In 2008, Plaintiff was a student at the College. Plaintiff has multiple sclerosis, which made her unable to walk long distances around the College's campus. (Paper 1 ¶ 4). Plaintiff registered with the College's Office of Disability Support Services. (*Id.*). Plaintiff complained to College officials about a lack of handicapped parking spaces. (*Id.* at ¶ 2-3). On September 22,

2008, College Dean Monica Brown resolved with Plaintiff that College security would drive Plaintiff from her vehicle to classes and back to her vehicle until the College could otherwise accommodate her. On September 25, 2008, College security drove Plaintiff to her first class, but then told her that they were advised by the College to not drive Plaintiff back to her vehicle. (*Id.* at ¶ 5). While walking back to her vehicle, plaintiff fell and injured her head, back, and several muscles, and subsequently was taken to Shady Grove Hospital. (*Id.* at ¶ 1, 6).

Plaintiff, proceeding *pro se*, filed a complaint against the College on August 28, 2009. (Paper 1). Plaintiff claimed that "[a]s a result of the defendant's negligence, plaintiff has incurred medical expenses and has suffered severe physical injuries and mental distress." (*Id.* at ¶ 8). Plaintiff seeks $100,000 or "the maximum legal rate, and the cost of this action." (Paper 1, at 2). The civil cover sheet for Plaintiff's complaint cited the Americans with Disabilities Act, 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. § 504, as the bases for Plaintiff's cause of action. (Paper 1, Attach. 3). Plaintiff's complaint also alleged that Plaintiff

> filed a complaint with the U.S. Department of Education and an investigation was conducted and on or about June 5, 2009 the college was found to be in violation of

2

> Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. Section 794, and its implementing regulation, 34 C.F.R. Part 104; as well 42 U.S.C. Sections 12131, and its implementing regulation, 28 C.F.R. Part 35.

(Paper 1 ¶ 7). Plaintiff attached to her complaint an investigation letter from the United States Department of Education, which stated that the College did not provide a sufficient number of designated accessible parking spaces to persons with disabilities, in violation of 34 C.F.R. § 104.21 and 28 C.F.R. § 35.149. (Paper 1, Attach. 1, at 3). Plaintiff also attached to her complaint a resolution agreement between the College and the United States Department of Education, which indicated that the College would designate the appropriate number of disabled parking spaces consistent with the Americans with Disabilities Act by September 1, 2009. (Paper 1, Attach. 2, at 1).

On January 19, 2010, Defendant filed a motion to dismiss Plaintiff's complaint. (Paper 9).

## II. Motion to Dismiss

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a

plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events,

4

*United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nonetheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 Fed.Appx. 9 (4th Cir. 2005)(unpublished).

**B. Analysis**

Defendant asks the court to dismiss Plaintiff's complaint for three reasons: (1) Defendant is a state entity that is entitled to sovereign immunity under the Eleventh Amendment, (2) Plaintiff has not alleged discriminatory intent, which is

5

necessary to state a claim for compensatory damages under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, and (3) Plaintiff has not alleged how she was denied access to a public benefit. (Paper 10, at 3-6). Plaintiff counters that Defendant is not a state agency and asks for leave to file an amended complaint if her complaint does not state a cause of action. (Paper 12 ¶¶ 1, 4).

1. **Sovereign Immunity**

As recently stated by Judge Titus, Eleventh Amendment immunity questions are better addressed under Fed.R.Civ.P. 12(b)(1):

> "[T]he Eleventh Amendment limits the ability of a federal district court to exercise its subject-matter jurisdiction over an action brought against a state or one of its entities." *Roach v. West Virginia Reg'l Jail & Corr. Auth.*, 74 F.3d 46, 48 (4th Cir. 1996). As such, although Eleventh Amendment immunity is not a "true limit" on this Court's subject matter jurisdiction, *id.*, the Court concludes that it is more appropriate to consider this argument under Fed.R.Civ.P. 12(b)(1) because it ultimately challenges this Court's ability to exercise its Article III power. *Verizon Maryland Inc. v. RCN Telecom Servs., Inc.*, 232 F.Supp.2d 539, 546 (D.Md. 2002); *see also, e.g., Coastal Holding & Leasing, Inc. v. Maryland Envtl. Serv.*, 420 F.Supp.2d 441, 443-44 (D.Md.2006). *But see Andrews v. Daw*, 201 F.3d 521, 525 n. 2 (4th Cir. 2000)(noting that the [United States Court of Appeals for the] Fourth Circuit cases "have been unclear" as to whether Eleventh Amendment immunity should be evaluated under Rule

6

> 12(b)(1) or Rule 12(b)(6), and citing cases
> that have addressed the issue under both
> rules).

*Beckham v. National R.R. Passenger Corp.*, 569 F.Supp.2d 542, 547 (D.Md. 2008). Under 12(b)(1), a court may look at material beyond the complaint itself to determine questions of fact. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.,* 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans,* 166 F.3d at 647.

State agencies and state instrumentalities are entitled to sovereign immunity from suits brought by individuals in federal court, unless the suit is brought pursuant to a statute passed by Congress containing a valid abrogation of sovereign immunity. *See* U.S. Const. amend. XI; *Board of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 363 (2001). Similarly, individuals sued in their official capacity as state agents are entitled to the same immunity. As a general matter, the Eleventh Amendment "does not bar suits for damages against state officers, so long as those officers are sued in their individual capacities." *Sales v. Grant*, 224 F.3d 293, 297 (4th Cir. 2000)(citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), *cert. denied*, 532 U.S. 1020 (2001)). Determining whether an entity is synonymous with the state is not always an easy endeavor.

The nature of the entity and its relationship with the state are critical to a determination of the entity's sovereign

immunity under the Eleventh Amendment. The primary factor to be considered is whether a judgment against the governmental entity would be paid from the state's treasury. *See Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994). Generally, if the judgment would be paid from the state treasury, the inquiry is at an end. *Id.* at 50. If the judgment would not be paid from the state treasury, the factors to be considered in determining whether suit against the entity would nonetheless be an affront to the State's "sovereign dignity" are "(1) the degree of control that the State exercises over the entity or the degree of autonomy from the State that the entity enjoys; (2) the scope of the entity's concerns – whether local or statewide – with which the entity is involved; and (3) the manner in which State law treats the entity." *Cash v. Granville County Bd. of Educ.*, 242 F.3d 219, 224 (4th Cir. 2001). If the judgment would not be paid from the state treasury, the "sovereign dignity" factors may sufficiently tie the entity to the state so that suit against the entity would amount to suit against the state. *Id.*

Here, Defendant has only argued that Maryland law treats the College as a state entity, with citation to opinions of the Maryland Attorney General. Without citation to any authority, Defendant states that Montgomery College "receives extensive

funding from the State." Otherwise, Defendant only cursorily mentions the other factors.

Nonetheless, Maryland statutes and case law establish that the College is a state entity. The Maryland Education Code provides the state with a high degree of control over the College. *See* Md. Code Ann., Educ. § 16-411(a)("The Board of Community College Trustees for Montgomery County consists of 10 members appointed by the Governor from nominees submitted by the Nominating Committee. Except for the student member, the members are appointed with the advice and consent of the Senate."). Furthermore, Maryland state law treats community colleges as state entities and applies sovereign immunity to them. *See Samuels v. Tschechtelin*, 135 Md.App. 483, 521 (2000)("The [Baltimore City Community] College, along with its governing Board, is a State agency afforded the protections of sovereign immunity."). Defendant points out that the Maryland Attorney General wrote an opinion in 2002 that accepted the view expressed by the Court of Appeals of Maryland in *Board of Trustees v. John K. Ruff*, 278 Md. 580, 586-87 (1976) that community colleges are state agencies for purposes of sovereign immunity. 87 Md.Op.Atty.Gen. 17, 2002 WL 337609, at *4 (Md.A.G. 2002). Finally, other Maryland community colleges have been treated as entitled to sovereign immunity by another judge in

9

this court. *See Williams v. Board of Trustees of Frederick Community College*, No. Civ.A. CCB03CV2123, 2004 WL 45517, at *4 (D.Md. Jan 8, 2004)("Because a Maryland community college and its board of trustees are state agencies, the Eleventh Amendment precludes a federal court suit seeking damages or other retrospective remedies against [Frederick Community College] officials.")(internal citation omitted). Therefore, Defendant is a state entity for the purpose of sovereign immunity.

This court has previously determined that Congress did not validly abrogate Eleventh Amendment immunity against state entities for education claims under Title II of the ADA or Section 504 of the Rehabilitation Act. *See McNulty v. Board of Educ. of Calvert County*, No. Civ.A. DKC 2003-2520, 2004 WL 1554401, at *11-12, 19 (D.Md. 2004). Because Defendant is a state entity, it is shielded from this suit for monetary damages.

On the other hand, an individual can be sued, albeit in his or her individual, and not official, capacity. Even if Plaintiff names a party who is not entitled to sovereign immunity, she must still state a claim under the ADA or the Rehabilitation Act. To state a claim for discrimination under the ADA, Plaintiff must allege:

> (1) that [s]he has a disability; (2) that [s]he is otherwise qualified for the benefit

> in question; and (3) that [s]he was excluded from the benefit due to discrimination solely on the basis of the disability.

*Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999)(internal citations omitted). Section 504 of the Rehabilitation Act runs parallel to the ADA and prohibits a federally funded state program from discriminating against a handicapped individual solely on the basis of his disability. *School Board of Nassau County v. Arline*, 480 U.S. 273, 275 (1987). 29 U.S.C. § 794 states:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

For Plaintiff to establish a violation of Section 504 of the Rehabilitation Act, she must allege:

> (1) [s]he has a disability; (2) [s]he is otherwise qualified; (3) [s]he was excluded from participation in, was denied the benefits of, or was subjected to discrimination solely by reason of his disability; and (4) [Defendant] receives federal financial assistance.

*Proctor v. Prince George's Hospital Center*, 32 F.Supp.2d 820, 826 (D.Md. 1998)(citing *Doe v. University of Maryland*, 50 F.3d 1261, 1265 (4th Cir. 1995)).

Additionally, to state a claim for compensatory damages under either the ADA or Rehabilitation Act, Plaintiff must allege that Defendant had "discriminatory intent." The remedial section of Title II of the ADA incorporates by reference the remedies of the Rehabilitation Act. 42 U.S.C. § 12133. The Rehabilitation Act, in turn, incorporates the remedies, procedures, and rights provisions of Title VI of the Civil Rights Act of 1964. 42 U.S.C. § 2000d. Under these acts, compensatory and punitive damages are available only on a showing of intentional discrimination by the defendant. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 533-4 (1999). The Fourth Circuit has stated that "intentional discrimination" requires only "disparate treatment," not "discriminatory animus." *Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 830 n.9 (4th Cir. 1994).

Plaintiff has not alleged the elements of an ADA or Rehabilitation Act claim, and certainly not that the College intentionally discriminated against her, so she has not stated a claim for compensatory damages. Therefore, Defendant's motion to dismiss will be granted. Once the only possible federal

claims are dismissed, the court has discretion to dismiss any supplemental state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Under the circumstances here, any state law negligence and contract claims will also be dismissed, if ultimately Plaintiff cannot plead a sufficient federal claim.

Plaintiff has requested leave to amend her complaint if it does not state a federal cause of action. Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Plaintiff's complaint will be dismissed without prejudice and Plaintiff will be granted leave to amend her complaint within twenty-one days.

A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
