IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERRI D. ADAMS

    v.                       :    Civil Action No. DKC 09-2278

MONTGOMERY COLLEGE (ROCKVILLE),
et al.

## MEMORANDUM OPINION

Presently pending and ready for resolution in this action is the motion to dismiss filed by Defendants Montgomery College, Debra Hayer, and Monica Brown. (ECF No. 20). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion will be granted in part and denied in part.

## I.      Background

Plaintiff Sherri Adams's amended complaint alleges the following facts in relation to her September 25, 2008 fall on the campus of Defendant Montgomery College (the "College"). Plaintiff, a resident of Maryland, was a student at the College in Fall 2008. (ECF No. 18 ¶¶ 1, 8). Plaintiff suffers from multiple sclerosis, optic neuritis, and back and heart problems, and has difficulty walking for long distances. (*Id.* ¶ 7).

Plaintiff informed the College's Office of Disability Support Services of her condition. (*Id.* ¶ 9).

In September 2008, the College was undergoing construction. (*Id.* ¶ 10). During this period, the College failed to provide sufficient handicap parking and Plaintiff could not park near her assigned classes. (*Id.*). The campus shuttle was not handicap accessible. (*Id.*). At Plaintiff's request, on September 22, 2008, College Dean Monica Brown advised Plaintiff that College security would drive Plaintiff from her vehicle to classes and back until the College could otherwise accommodate her disability. (*Id.* ¶¶ 11-12). On September 25, 2008, College security drove Plaintiff to her class, but after class informed her that they would not drive her back to her vehicle and would not provide future transportation. (*Id.* ¶ 12). While walking back to her vehicle, Plaintiff fell, was injured, and was taken to Shady Grove Hospital. (*Id.* ¶ 13).

Plaintiff, proceeding *pro se*, filed a complaint against the College and individual employees Brian K. Johnson, President of the College, Dean Monica Brown, and Debra Hayer, campus security director on August 28, 2009. (ECF No. 1).[1] This court granted

---

[1] To date Brian K. Johnson has not been served a copy of the summons or complaint. Defendants note that in the event Mr.

Defendants' motion to dismiss on July 15, 2010, but gave Plaintiff leave to file an amended complaint. (ECF No. 14). Plaintiff's amended complaint, filed on August 27, 2010, asserts three claims against all Defendants: (1) discrimination under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. § 504; (2) negligence; and (3) breach of contract. (ECF No. 18 ¶¶ 6-26). Plaintiff seeks "compensatory damages against all individual Defendants," "injunctive relief," and "such other relief as is just and proper." (*Id.*).

On December 20, 2010, Defendants filed the pending motion to dismiss Plaintiff's amended complaint. (ECF No. 20).

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief,"

Johnson is served, he will join in their motion. (ECF No. 20, at n.1).

Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied*, 510 U.S. 1197 (1994)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nonetheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 F.App'x. 9 (4th Cir. 2005) (unpublished).

## III. Analysis

Defendants ask the court to dismiss Plaintiff's amended complaint for two primary reasons: (1) Plaintiff fails to plead properly a federal cause of action under the ADA or the Rehabilitation Act as to any Defendant; and (2) because Plaintiff has failed to state a federal claim, her state law negligence and contract claims should also be dismissed. (*See* ECF No. 20 ¶¶ 6-8). Plaintiff maintains that the amended

5

complaint does in fact state a federal claim against Defendants. (*See* ECF No. 22 ¶¶ 1-3).

**A.  Claims Under the ADA and the Rehabilitation Act**

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Similarly, § 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).

Plaintiff alleges that Defendants violated the ADA and the Rehabilitation Act because the College is a public entity that receives federal assistance, and because "Defendants excluded Plaintiff from the benefits of her education, including access to her classroom, solely on the basis of her disability." (ECF No. 18 ¶¶ 14-15).  Defendants argue that Plaintiff's complaint should be dismissed because (1) Plaintiff fails to establish that she was denied any benefit or was otherwise discriminated against, (2) Plaintiff fails to show the

discriminatory intent required to obtain compensatory damages under the ADA, (3) Plaintiff's request for injunctive relief is inadequate, and (4) Defendants cannot be sued as individuals under the ADA. (*See* ECF No. 20-1, at 5-10).

Although deemphasized in the pending motion, Defendants also argue that Montgomery College may have sovereign immunity pursuant to the Eleventh Amendment. (*See id*. at 9-10). This argument was first raised in Defendants' motion to dismiss Plaintiff's initial complaint. (ECF No. 10, at 3-7). Although the court is not required to consider Eleventh Amendment questions before addressing the sufficiency of allegations under Rule 12(b)(6) in all cases, given the States' unique dignitary interest in avoiding suit, it is important to resolve such questions as soon as possible after the State asserts its immunity. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 (4th Cir. 2005). To protect the State's interests and clarify any ambiguities in the prior Memorandum Opinion, the court will evaluate Defendants' assertion of sovereign immunity before moving on to the merits of Plaintiff's claim of disability discrimination.

### 1. Sovereign Immunity

The College, a public institution of higher learning, is a State entity. (*See* ECF No. 14, at 9). State agencies and

instrumentalities are entitled to sovereign immunity from suits brought by individuals in federal court, unless the suit is brought pursuant to a statute passed by Congress containing a valid abrogation of sovereign immunity. *See* U.S. Const. amend. XI; *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). An abrogation is valid only if Congress states unequivocally its desire to do so and only pursuant to a valid exercise of constitutional authority. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996).

The ADA provides that "[a] State shall not be immune under the Eleventh Amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202. This provision is an unequivocal statement of congressional intent to abrogate the States' Eleventh Amendment immunity with respect to claims brought under the ADA. *See Tennessee v. Lane*, 541 U.S. 509, 518 (2004); *Garrett*, 531 U.S. at 363-64.

Defendants refer to this court's decision in *McNulty v. Board of Education of Calvert County*, No. Civ.A. DKC 03-2520, 2004 WL 1554401, at *11-12, 19 (D.Md. 2004), however, to intimate that Congress lacked the constitutional authority to abrogate sovereign immunity with respect to Title II of the ADA

as it applies to education claims. (ECF No. 20-1, at 5-10, n.3). But in *Constantine*, the United States Court of Appeals for the Fourth Circuit held that Congress abrogated sovereign immunity in Title II of the ADA pursuant to a valid exercise of constitutional authority under the Fourteenth Amendment, "at least as it applies to public higher education." 411 F.3d at 490. This case involves public higher education, and thus Defendants cannot invoke Eleventh Amendment immunity under the ADA.

Nor may Defendants invoke immunity with respect to the Rehabilitation Act. 42 U.S.C. § 2000d-7 provides that "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 . . . or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." The Fourth Circuit has held that this provision is an unambiguous and unequivocal condition requiring waiver of Eleventh Amendment immunity for certain claims in order to receive federal funding, and that it represents a constitutionally valid exercise of the spending power. *See Constantine*, 411 F.3d at 491-92.

## 2. Disability Discrimination

A plaintiff seeking recovery for violation of either the ADA or the Rehabilitation Act must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability. *Constantine*, 411 F.3d at 498; *Baird v. Rose*, 192 F.3d 462, 467-70 (4th Cir. 1999).

Plaintiff alleges multiple physical ailments, (ECF No. 18 ¶ 7), and Defendants do not contest that she is disabled within the meaning of the first prong, (ECF No. 20-1, at 5). Defendants maintain, however, that Plaintiff fails to allege sufficient facts to satisfy the second and third prongs: "Specifically, Plaintiff's amended complaint does not establish facts to show that she was denied a benefit to which she was entitled, nor does [it] establish facts to show that she was excluded from the alleged lost benefit due to discrimination . . . on the basis of her disability." (*Id.*).

A plaintiff is "qualified" if she is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the

participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). Plaintiff alleges that she was enrolled as a student at the College, that she had registered with the College's Disability Support Services, that parking and transportation were inadequate, and that she requested transportation to class. (ECF No. 18 ¶¶ 8-11). These allegations are sufficient to make the *prima facie* case that Plaintiff was "qualified" within the meaning of prong two: Plaintiff met the essential eligibility requirements to attend the College and would have been able to attend her classes if she had received reasonable accommodation for her disability in the form of adequate parking or transportation. *See, e.g., Constantine*, 411 F.3d at 498-99 (holding that a plaintiff with migraines who was eligible to be a student and able to perform all essential functions if given additional time for law school exam alleged facts sufficient to make *prima facie* case that she was "qualified" within the meaning of ADA and Rehabilitation Act). Although Plaintiff's complaint does not lay out the elements of the claim in the most cogent or organized fashion, it alleges sufficient facts to satisfy the second prong, especially given the less stringent pleading requirements required of *pro se* plaintiffs.

To establish the third and final prong of a disability discrimination claim, a plaintiff must show that she was excluded from participation in, or denied the benefits of, a program or service offered by a public entity, or subjected to discrimination by that entity. *Id.* at 499. In her complaint, Plaintiff asserts:

> That as a result of the foregoing acts and omissions, the individual defendants excluded Plaintiff from the benefits of her education, including access to her classroom, solely on the basis of her disability. These acts were done with the intent to discriminate against Plaintiff on the basis of her disability. Students who were not disabled were afforded the ability to attend classes without any problem.

(ECF No. 18 ¶ 14).

Against this, Defendants argue that "Plaintiff fails to specify . . . how she was excluded from or denied access to a public benefit" given that "[s]he enrolled in the college, took classes at the college, and attended at least one class on the day in question." (ECF No. 20-1, at 5). Defendants also focus on the lack of handicap parking, and rely on Title II's implementing regulations to maintain that "[t]he construction at Montgomery College which resulted in the temporary loss of handicapped parking spots near Plaintiff's classroom is [a] protected activity because it falls within these provisions." (*Id.* at 6 (citing 28 C.F.R. § 35.133; 28 C.F.R. § 35.150)).

Finally, Defendants contend that "[a]lthough [Plaintiff's] Amended Complaint alleges that Defendant[s] intentionally discriminated against her, there is no evidence to support her personal opinion." (*Id.*).

Defendants' characterization of the amended complaint reveals a misunderstanding of both Plaintiff's claim and the relevant law as applied in the Fourth Circuit. With regard to the third prong of a disability discrimination claim, the Fourth Circuit has recognized "three distinct grounds for relief: (1) intentional discrimination or disparate treatment; (2) disparate impact; and (3) failure to make reasonable accommodations." *A Helping Hand, LLC v. Balt. Cnty.*, 515 F.3d 356, 362 (4th Cir. 2008). Even if Defendants are correct that Plaintiff has not established that she suffered intentional disparate treatment or disparate impact, she *does* allege facts sufficient to state a claim that the College failed to make reasonable accommodations.

The requirement that a public institution make reasonable accommodations for disabled individuals finds support in the implementing regulations of Title II, which provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications

13

would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). Based on this provision, the Fourth Circuit has held that Title II of the ADA and the Rehabilitation Act require public entities to make reasonable accommodations for persons with disabilities. *See Helping Hand*, 515 F.3d at 362; *Waller ex rel. Estate of Hunt v. City of Danville*, 556 F.3d 171, 174-75 (4th Cir. 2009); *Constantine*, 411 F.3d at 488.

Whether the construction at the College excused the lack of handicap parking, Defendants still had a duty to accommodate Plaintiff's known disability. Regardless of whether they recognized a duty, Defendants allegedly agreed to transport Plaintiff between her vehicle and class. (ECF No. 18 ¶ 12). The amended complaint states that after taking her to class, Plaintiff was refused transport back to her vehicle, was forced to walk despite her disability, and as a result, she suffered serious injury. (*Id.* at 12-13). Even if she was able to attend class that day with help from College security, Plaintiff alleges facts sufficient to satisfy the third prong of a disability discrimination claim because, by refusing to transport her back to her vehicle, Defendants failed to provide reasonable accommodation for her disability.

### 3. Discriminatory Intent and Compensatory Damages

In general, Plaintiffs are entitled to a "full panoply" of legal remedies under Title II of the ADA or § 504 of the Rehabilitation Act. *See Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 829-30 (4th Cir. 1994); *see also Torcasio v Murray*, 57 F.3d 1340, n.2 (4th Cir. 1995) (recognizing that "remedies available for ADA violations are those available for Rehabilitation Act violations"). The Fourth Circuit has held, however, that compensatory damages require a showing of intentional discrimination or disparate treatment, and are not available for mere disparate impact. *See id.* at 829-830 & n.9; *Paulone v. City of Frederick*, --- F.Supp.2d ---, No. ELH-09-2007, 2011 WL 1675237, at *9 (D.Md. May 3, 2011). While the Fourth Circuit has not specifically addressed whether compensatory damages are available for failure to provide reasonable accommodation under the disability statutes, "the majority of circuits that have resolved the question have held that damages may be awarded if a public entity 'intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons.'" *Paulone*, 2011 WL 1675237, at *9 (quoting Mark H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008), and listing circuit court cases).

Case law in this district supports applying the deliberate indifference standard in cases involving a failure to accommodate individuals with disabilities. In *Proctor v. Prince George's Hosp. Ctr.*, this court held that "the level of proof necessary for finding intentional discrimination under [the] Rehabilitation Act means a deliberate indifference to a strong likelihood that a violation of federal rights would result." 32 F.Supp.2d 820, 829 n.6 (D.Md. 1998) (citation omitted); *see also Paulone*, 2011 WL 1675237, at *9-10 (adopting deliberate indifference standard as applied in *Proctor*).

Defendants argue that Plaintiff fails to show the discriminatory intent required to obtain compensatory damages under the ADA. (ECF No. 20-1, at 6). According to Defendants, "Plaintiff's conclusory opinion of intentional discrimination, without facts to support it, is totally insufficient to plead a claim." (*Id.* at 7). Defendants further assert that Plaintiff's allegations that the inadequate handicap parking was caused by construction on College grounds and was the result of negligence "actually contradict her allegation of intentional discrimination." (*See id.* at 7-8).

Once again, Defendants fail to apply the relevant standard in this district. Defendants intentionally violate the ADA and the Rehabilitation Act by demonstrating deliberate indifference

16

when they "[have] notice of the potential risk of their decision, and clearly [refuse] the accommodation knowingly." *Proctor*, 32 F.Supp.2d at 829 (quoting *Bartlett v. N.Y. State Bd. of Law Exam'rs*, 970 F.Supp. 1094 (S.D.N.Y. 1997)). A defendant need not show "discriminatory animus" to recover damages under Title II of the ADA or § 504 of the Rehabilitation Act. *Paulone*, 2011 WL 1675237, at *9 (citing *Pandazides*, 13 F.3d at 830 n.9); *see also Proctor*, 32 F.Supp.2d at 828-29 (citing *Bartlett*, 970 F.Supp. at 1149, 1152). Rather, as this court explained in *Proctor*, compensatory damages are available for failure to accommodate a plaintiff if defendants "acted 'knowingly, voluntarily, and deliberately,'" even if the violations resulted from mere "'thoughtlessness and indifference' rather than because of any intent to deny Plaintiff's rights." 32 F.Supp.2d at 828 (quoting parties).

Plaintiff alleges that she informed the College's Disability Support Services of her disability and need for accommodation, (ECF No. 18 ¶¶ 9-11), which Defendants acknowledged by agreeing to transport her to class. (*Id.* ¶ 12). Plaintiff also attached to her amended complaint a section of the College's student handbook, which provides that College policies are consistent with the ADA and the Rehabilitation Act. (ECF No. 18-1 at 3). The student handbook further states that

17

"Under provisions of the Americans with Disabilities Act, [material regarding the College's compliance with these laws] is available in alternative formats by contacting the Disability Support Services Office." *Id.* Finally, Plaintiff asserts that after "the defendants initially agreed to provide her a ride and accommodate her. . . [they] purposely advised [her] that [they] would not provide her a ride." (ECF No. 22 at 2).

These facts are sufficient to state a claim that Defendants displayed deliberate indifference by knowingly refusing to accommodate her, despite having notice of the potential risk, as evidenced by the student handbook. *See, e.g., Paulone*, 2011 WL 1675237, at *23 (holding plaintiff's allegations that detention center personnel refused to accommodate her stated a claim of deliberate indifference under the ADA because defendant police officers were aware of deaf plaintiff's disability, and because the sheriff's office policy calling for reasonable accommodation for deaf detainees put them on notice of potential liability); *Proctor*, 32 F.Supp.2d at 828 (holding compensatory damages available for deaf plaintiff under the Rehabilitation Act because defendant hospital refused to accommodate her despite being aware of her disability, and because a past complaint put the hospital on notice of potential liability). Because the facts in her amended complaint support deliberate indifference,

18

Plaintiff has met the showing required in order to pursue compensatory damages under the ADA and the Rehabilitation Act.

### 4. Injunctive Relief

In order to obtain injunctive relief under Title II of the ADA, "[o]nce a party has demonstrated actual success on the merits, the court must balance three factors to determine whether injunctive relief is appropriate: (1) the threat of irreparable harm to the movant; (2) the harm to be suffered by the nonmoving party if the injunction is granted; and (3) the public interest at stake." *Pathways Psychosocial v. Town of Leonardtown, Md.*, 223 F.Supp.2d 699, 717 (D.Md. 2002) (quoting *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998)). Furthermore, "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Defendants assert that "Plaintiff's request for 'injunctive relief' fails to state a cause of action" under the ADA because it "does not specify what purportedly needs to be done at Montgomery College with respect to handicapped parking, presumably because the issue has already been remedied." (ECF No. 20-1, at 8). Defendants do not contend that Plaintiff fails to state a claim for injunctive relief under the ADA, but

19

appear to suggest only that, because the lack of handicap parking has been corrected, Plaintiff's claim is moot.

As already established, however, Plaintiff alleges facts to show that Defendants have violated Title II of the ADA by failing to accommodate her disability and provide her access to her classroom. Plaintiff's amended complaint mentions a lack of handicap parking, an absence of handicap accessible shuttles, and a failure to provide alternative means of transport by security personnel. (ECF No. 18 ¶¶ 10-12). It is not clear from either the amended complaint or Defendants' brief that, merely by remedying the lack of handicap parking, Defendants have ensured future accommodation for Plaintiff's disability. Thus, the fact that the College has provided additional handicap parking spaces does not render Plaintiff's request for injunctive relief moot.

### 5. Claims Against Individuals

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services . . . of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The term "public entity," as defined by the statute, does not include individual persons. *See* 42 U.S.C. § 12131(1). Therefore,

20

plaintiffs cannot bring or maintain a suit against individual defendants in their personal capacities under Title II of the ADA. *See Pathways Psychosocial v. Town of Leonardtown, Md.,* 133 F.Supp.2d 772, 780 (D.Md. 2001).

Defendants assert that because the ADA protects persons with disabilities only from discrimination by "public entities," and not by individual persons, "to the extent that Plaintiff has named Defendants Brown and Hayer in their individual capacities, she has failed to state a valid cause of action against them under the ADA, and her claims should be dismissed." (ECF No. 20-1, at 8). Yet "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and "[a]s such, it is no different from a suit against the State itself." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).

Plaintiff's amended complaint does not limit the allegations against Defendants Brown and Hayer to their personal capacities. (*See* ECF No. 18 ¶¶ 1-16). Even if she may not bring a claim against individual Defendants in their personal capacity, therefore, there is nothing to prevent Plaintiff from bringing a claim against Defendants Brown and Hayer in their official capacities under the ADA. But as established above,

Plaintiff states a valid cause of action under the ADA against the College. There is thus no need to pursue a claim against Defendant's Brown and Hayer in their official capacities.

### B. State Law Claims

With respect to Plaintiff's state law claims, Defendants argue only that "Count II of Plaintiff's Amended Complaint for negligence and Count III for alleged breach of contract should be dismissed as Plaintiff has failed to properly plead a sufficient federal claim." (ECF No. 20-1, at 10). Once the only possible federal claims are dismissed, a federal court may dismiss any supplemental state law claims at its discretion. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Because the Plaintiff has stated a federal claim under Title II of the ADA and the Rehabilitation Act, however, the court cannot exercise its discretion to dismiss the state law claims.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants will be granted in part and denied in part. A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
