IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:
SHERRI D. ADAMS
                                  :

   v.                             :   Civil Action No. DKC 09-2278

                                  :
MONTGOMERY COLLEGE (ROCKVILLE),
et al.                            :

**MEMORANDUM OPINION**

Presently pending and ready for review in this case arising under the Americans with Disabilities Act and the Rehabilitation Act is the motion to amend the second amended complaint filed by Plaintiff. (ECF No. 47). The issues have been fully briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I. Background**

The facts of this case as alleged by Plaintiff Sherri D. Adams were described in full in two prior opinions. *See Adams v. Montgomery Coll. (Rockville)*, No. DKC 09-2278, 2011 WL 2610493 (D.Md. June 30, 2011); *Adams v. Montgomery Coll. (Rockville)*, No. DKC 09-2278, 2010 WL 2813346 (D.Md. July 15, 2010). Only a brief summary will be set forth here.

   **A. Factual Background**

Plaintiff suffers from multiple sclerosis, optic neuritis, and back and heart problems, and she has difficulty walking for

long distances. In fall 2008, she was a student at Defendant Montgomery College ("the College"). Plaintiff informed the College's Office of Disability Support Services of her condition.

In September 2008, the College was undergoing construction. During this period, there was insufficient handicap parking, so Plaintiff could not park near her assigned classes. The campus shuttle was not handicap accessible. At Plaintiff's request, on September 22, 2008, the Dean of the College, Monica Brown, advised her that College security would drive her from her vehicle to classes and back until the College could otherwise accommodate her disability. On September 25, 2008, College security drove Plaintiff to her class but after class informed her that they would not drive her back to her vehicle. They also told her that they would not provide future transportation. While walking back to her vehicle that day, Plaintiff fell, injuring herself, and was subsequently taken to Shady Grove Hospital.

### B. Procedural Background

On August 28, 2009, Plaintiff initially proceeded *pro se* and filed a complaint against the College and individuals Monica Brown, Brian K. Johnson, who was the President of the College, and Debra Hayre, who was the campus security director. (ECF No. 1). Johnson was not served a copy of the summons or complaint.

The remaining Defendants filed a motion to dismiss that was granted on July 15, 2010. (ECF No. 14). Plaintiff then filed an amended complaint, asserting three claims: discrimination under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. § 504; negligence; and breach of contract. (ECF No. 18). Defendants again filed a motion to dismiss, which was granted in part and denied in part on June 30, 2011. (ECF No. 26). The federal claims as to Brown and Hayre were dismissed. On August 17 and September 13, 2011, Defendants answered the amended complaint. (ECF Nos. 28, 34). Separately, on August 22, 2011, a scheduling order was entered. (ECF No. 30).

Around this time, Plaintiff retained counsel. Plaintiff's counsel filed a notice of appearance in this court on August 31, 2011. (ECF No. 33). Shortly thereafter, on September 30, 2011, Plaintiff filed a motion to amend the (amended) complaint. (ECF No. 35). This motion was granted, and a second amended complaint was filed on October 18, 2011 (ECF No. 43). The second amended complaint dropped Johnson from the case and revised Plaintiffs claims to reflect six counts: (1) violation of the ADA; (2) violation of the Rehabilitation Act; (3) negligence; (4) "statutory-based" negligence; (5) breach of contract; and (6) promissory estoppel.

On November 4, 2011, Plaintiff filed a notice with the court, which in part revealed that Plaintiff was planning on filing another iteration of the complaint. (ECF No. 44). On November 11, 2011, the parties jointly moved to modify the scheduling order. (ECF No. 45). The motion was granted, and the parties' proposed schedule was adopted in full. According to the new schedule, the deadline for filing a motion for leave to amend the complaint was set for November 23, 2011. On that date, Plaintiff did file such a motion. (ECF No. 47). Defendants opposed Plaintiff's motion. (ECF No. 48). On December 22, 2011, Plaintiff filed a reply. (ECF No. 49).

## II. Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be freely given "when justice so requires." Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Consequently, leave to amend should be denied if the well-pleaded facts in the proposed new complaint do not amount to a "showing" that the plaintiff is entitled to relief.

*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (explaining that a "showing" is more than the "mere possibility of misconduct").

**III. Analysis**

In seeking leave to file a third amended complaint, Plaintiff looks to correct certain factual errors in the second amended complaint and to add a claim for punitive damages against Hayre for her alleged negligence. To begin, Defendants do not oppose the proposed amendments that correct factual errors. (ECF No. 48, at 1). Accordingly, Plaintiff's motion will be granted as to any such proposed amendments.

As to the proposed amendments regarding punitive damages, Defendants make three arguments in opposition. First, Defendants contend that the statute of limitations has run on a punitive damages claim. (*Id.*). Here, the flaw in Defendants' argument is that Plaintiff's claim for punitive damages is not a "claim" in the sense of a cause of action. *See Biggs v. Eaglewood Mortg. LLC*, 582 F.Supp.2d 707, 711 n.5 (D.Md. 2008) ("There is no separate cause of action for punitive damages apart from an underlying cause of action upon which punitive damages can be grounded."). Instead, "punitive damages" is a remedy, and as a remedy, there is no statute of limitations that directly applies; there is only the limitations period that

applies to the underlying cause of action for which the remedy is sought. *See Black's Law Dictionary* (9th ed. 2009) (defining "statute of limitations" as a "law that bars *claims* after a specified period" (emphasis added)).

To the extent Defendants intended to argue that the statute of limitations will bar Plaintiff's amended negligence claim against Hayre because the amendment falls outside the limitations period, their argument is unsuccessful. An amendment to include a claim for punitive damages relates back to the date of the original pleading. *See Schieszler v. Ferrum Coll.*, 233 F.Supp.2d 796, 806 (W.D.Va. 2002); *see also* Fed.R.Civ.P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempt to be set out — in the original pleading."). Here, the original complaint was filed on August 28, 2009, well within the limitations period for Plaintiff's negligence claim. Even if Plaintiff's first amended complaint were the operative complaint for statute of limitations purposes (because it was in that pleading that Hayre was first implicated as a Defendant), the statute of limitations would still not bar the negligence claim. The first amended complaint was filed on October 27, 2010, which was within the limitations period for the negligence claim.

Second, Defendants contend that Plaintiff has not shown good cause per Rule 16(b) to amend the complaint. (ECF No. 48, at 2). Because Plaintiff seeks leave to amend the complaint within the time period specified in the operative scheduling order, however, she need not show good cause to do so. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."); *see also* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Particularly in light of the fact that Defendants were on notice that Plaintiff intended to amend further the complaint when they *jointly* moved to modify the scheduling order into its current form, it cannot be said that Defendants would be prejudiced by a decision to follow the existing scheduling order.

Third, Defendants contend that Plaintiff "has produced no facts . . . to support a claim for punitive damages." (ECF No. 48, at 1). It is not entirely clear what Defendants mean to argue. If Defendants literally mean to argue that Plaintiff "has produced no facts," they put the cart before the horse. At this stage of the proceedings, Plaintiff does not need to produce any evidence to be granted leave to amend the complaint.

If, instead, Defendants mean to argue that Plaintiff's effort to add a punitive damages claim would be futile, their position is still unavailing. In Maryland, a plaintiff seeking punitive damages must prove "actual malice" on the part of the defendant. *Owens-Ill. v. Zenobia*, 325 Md. 420, 460 (1992). Actual malice has been defined as conduct "characterized by evil motive, intent to injure, ill will, or fraud." *Id.* Thus, here, to be awarded punitive damages, Plaintiff must sufficiently allege that Hayre committed negligence with actual malice.

Plaintiff has done so. In the proposed amended complaint, Plaintiff alleges that the College and Hayre were aware of her medical condition during the relevant time period. (ECF No. 47-5 ¶¶ 15, 24-27, 31). She further alleges that the College temporarily accommodated her disabilities by providing transportation back and forth between her car and her classes. (*Id.* ¶¶ 28-29). Plaintiff alleges that on September 25, 2008, the College provided transportation to her classes but that Hayre did not authorize transportation back to her car. (*Id.* ¶ 30). Moreover, she alleges that she spoke with Hayre that same day to discuss the issue but that Hayre refused, without justification, to provide the necessary transport. (*Id.* ¶ 31). Plaintiff alleges that as a result, she was forced to walk back to her car, at which point she fell and sustained the injuries giving rise to the instant action. (*Id.* ¶ 33). Taken in the

light most favorable to Plaintiff, these allegations could show actual malice on the part of Hayre, at least as far as stating a claim for punitive damages is concerned.[1]

Accordingly, Plaintiff's proposed amendments are not futile. Otherwise, with no hint of bad faith on Plaintiff's part or evidence of prejudice to the Defendants, Plaintiff's motion for leave to amend the complaint must be granted.

## IV. Conclusion

For the foregoing reasons, the motion to amend the second amended complaint filed by Plaintiff Sherri D. Adams will be granted. A separate order will follow.

                                                      /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge

---

[1] To the extent Defendants take issue with Plaintiff's addition of a request for punitive damages in the *ad damnum* clause of the complaint, the presence (or absence) of such a demand is not dispositive of a party's ability to recover punitive damages. *See* Fed.R.Civ.P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, *even if the party has not demanded that relief in its pleadings*." (emphasis added)); *accord Schieszler*, 233 F.Supp.2d at 806-07. Because Plaintiff has alleged adequate facts to maintain a punitive damages claim, her amendment to the *ad damnum* clause is ultimately inconsequential.